# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2023-0263, <u>State of New Hampshire v. Jason A. Morneau</u>, the court on April 10, 2025, issued the following order:

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The defendant, Jason A. Morneau, appeals his convictions on multiple counts of possession of and distribution of child sexual abuse images (CSAI), <u>see</u> RSA 649-A:3, I(a) (2016); RSA 649-A:3-a, I(a) (2016). Prior to trial, he filed a motion <u>in</u> <u>limine</u> based upon New Hampshire Rule of Evidence 404(b) to preclude the State from introducing certain text messages at trial. The Trial Court (<u>Bornstein</u>, J.) denied his motion both on timeliness grounds and on the merits. On appeal, the defendant argues that the trial court unsustainably exercised its discretion in denying his motion. We affirm.

In this case, the State obtained thirty indictments alleging that the defendant possessed CSAI and four indictments alleging that he knowingly sent CSAI by text message. At issue is a series of text messages between the defendant and another person. Included in the texts were the four CSAI images that the defendant was charged with distributing.

Because we uphold the trial court's ruling on the merits, we need not address its ruling that the motion was untimely. Whether to admit or exclude evidence is a decision within the discretion of the trial court. <u>State v. Brown</u>, 175 N.H. 64, 66 (2022). When determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made. <u>Id</u>. When reviewing the trial court's pretrial rulings, we limit our review to the proffers presented to the court at the pretrial motion hearing. <u>Id</u>.

In his pretrial motion based upon Rule 404(b), the defendant sought the exclusion of any reference to, or evidence involving, the text messages, arguing that the text messages would be unfairly prejudicial and lacked a logical connection to the pending criminal case. At the time the motion was filed, the defendant was unaware that he would soon be charged with four new counts of distribution of CSAI based on the images that were included in the text messages.

The State objected to the motion, arguing that, in light of the four new indictments for distributing CSAI, the text message conversation and four CSAI images were logically connected to the pending criminal matter. The State

further argued that the motion was moot because the factual predicate underlying the motion was no longer accurate. The trial court denied the defendant's motion, ruling that the evidence was admissible for the reasons set forth in the State's objection.

On appeal, the defendant argues that the trial court erred. The State counters that the text messages were intrinsic evidence of the charged distribution of CSAI and relevant to the defendant's state of mind, and that their probative value was not substantially outweighed by a danger of unfair prejudice. We agree with the State.

"'Other act' evidence is 'intrinsic,' and therefore not subject to Rule 404(b), when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' . . . . 'Intrinsic' or "inextricably intertwined' evidence will have a causal, temporal, or spatial connection with the charged crime." State v. Papillon, 173 N.H. 13, 24-25 (2020) (citation omitted).

At the time that the defendant sought a pretrial ruling to exclude the messages, he presented only a summary of the text messages as set forth in the search warrant affidavit rather than the actual messages. Therefore, based on the record before it, the trial court could have reasonably found that the challenged text messages were temporally or spatially connected with the four new indictments for distributing CSAI, as those indictments were based upon images included in the challenged text message conversation. As such, it reasonably concluded that the text messages constituted intrinsic evidence not subject to Rule 404(b). Furthermore, based on the limited record before it, the trial court could have reasonably found that the text messages were relevant to establishing that the defendant acted knowingly when he distributed the CSAI.

The defendant also argues that the probative value of the challenged text messages was substantially outweighed by the danger of unfair prejudice. See N.H. R. Ev. 403 (providing that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice). We are not persuaded. Unfair prejudice is not mere detriment to a defendant from the tendency of the evidence to prove guilt, in which sense all evidence offered by the prosecution is meant to be prejudicial. State v. Wells, 166 N.H. 73, 79-80 (2013). Rather, the prejudice required to predicate reversible error is an undue tendency to induce a decision against the defendant on some improper basis, commonly one that is emotionally charged. Id. at 80. Among the factors we consider in weighing the evidence are: (1) whether the evidence would have a great emotional impact upon a jury; (2) its potential for appealing to a juror's sense of resentment or outrage; and (3) the extent to which the issue upon which it is offered is established by other evidence, stipulation or inference. Id. Here, the record before the trial court contained detailed descriptions of two photos constituting CSAI. On the record before it, the trial court could have reasonably concluded

that the text messages were unlikely to have any greater emotional impact upon the jury than would the CSAI.  Further, we agree with the State that the record before the trial court did not contain other evidence of the defendant's mental state, and thus the text messages were not cumulative.  Accordingly, we conclude that the trial court did not unsustainably exercise its discretion when, in a pretrial ruling, it denied the defendant's motion to exclude any reference to, or evidence of, the text messages.[1]

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

---

[1] We note that when the State introduced the actual text messages and four CSAI images into evidence at trial, the defendant did not raise an objection under Rules 403 or 404(b). Consequently, to the extent that the defendant contends on appeal that the trial court erred at trial by admitting the specific text messages that he describes in his brief, the plain error standard of review applies.  See Sup. Ct. R. 16-A.  We agree with the State that, even if we were to assume that the trial court erred, the error did not affect the defendant's substantial rights. Based upon the record before us, we can "confidently state that the jury would have returned the same verdict in the absence of the error."  State v. Mueller, 166 N.H. 65, 70 (2014).